JUDGE OETKEN     13 CV 5272

CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARTIN ROJAS, on behalf of himself and            :     Case No.
others similarly situated,                                      :

                 Plaintiff,            :     FLSA COLLECTIVE
                               :     ACTION AND RULE
                               :     23 CLASS ACTION
-against-                                                                :     COMPLAINT
                               :
TRIBECA SUSHI INC. d/b/a ASHIYA III,  NEW    :     **Jury Trial**
ASHIYA JAPANESE CUISINE NY INC. d/b/a         :     **Demanded**
ASHYIA II, ASHIYA SUSHI 5 INC. d/b/a ASHIYA V,  :
QIANG CHEN, SONG CHEN, and YU LING CHEN,  :

                 Defendants.          :
------------------------------------------------------------------X



      Plaintiff, MARTIN ROJAS (hereinafter, "Plaintiff"), on behalf of himself and

other similarly situated employees, by and through his undersigned attorneys, Cilenti &

Cooper, PLLC, files this Complaint against Defendants TRIBECA SUSHI INC. d/b/a

ASHIYA III ("ASHIYA III"), NEW ASHIYA JAPANESE CUISINE NY INC. d/b/a

ASHYIA II ("ASHIYA II"), ASHIYA SUSHI 5 INC. d/b/a ASHIYA V ("ASHIYA V"),

QIANG CHEN, SONG CHEN, and YU LING CHEN (collectively, "Defendants"), and

states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours; (4) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of Queens County, New York.

6.     Defendant, ASHIYA III, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 374 Greenwich Street, New York, New York 10013.

7.     Defendant, ASHIYA II, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 167 1st Avenue, New York, New York 10003.

8.     Defendant, ASHIYA V, is a domestic corporation organized under the laws of the State of New York, with a principal place of business at 937 1st Avenue, New York, New York 10022.

9.     Defendant, QIANG CHEN, is the President, Vice President, and Secretary of defendant ASHIYA III, and is an owner, shareholder, director, supervisor, managing agent, and proprietor of ASHIYA III, who actively participated, and continues to actively participate in the day-to-day operations of ASHIYA III and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with ASHIYA III.

10.     Defendant, SONG CHEN, is the President, Vice President, and Secretary of defendant ASHIYA II, and is an owner, shareholder, director, supervisor, managing agent, and proprietor of ASHIYA II, who actively participated, and continues to actively participate in the day-to-day operations of ASHIYA II and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with ASHIYA II.

11.     Defendant, YU LING CHEN, is the President, Vice President, and Secretary of defendant ASHIYA V, and is an owner, shareholder, director, supervisor, managing agent, and proprietor of ASHIYA V, who actively participated, and continues to actively participate in the day-to-day operations of ASHIYA V and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with ASHIYA V.

12.     Upon information and belief, defendants QIANG CHEN, SONG CHEN, and YU LING CHEN are related.

13.     Defendants QIANG CHEN, SONG CHEN, and YU LING CHEN exercised control over the terms and conditions of Plaintiff's employment in that they have and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

14.     Defendants QIANG CHEN. SONG CHEN, and YU LING CHEN are present on the premises of ASHIYA III, ASHIYA II, and ASHIYA V on a daily basis, and actively supervise the work of the employees, including Plaintiff, and mandate that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by them.

15.     Upon information and belief, at all times relevant to the allegations in this Complaint, ASHIYA III, ASHIYA II, and ASHIYA V, were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have

and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

16.     Defendants have continuously employed Plaintiff in New York County, New York to work as a non-exempt dishwasher, food preparer/kitchen helper, cleaner and delivery person for Defendants' Japanese restaurants starting in or about 2011 for one month, and again from in or about April 2012 until on or about June 24, 2013.

17.     The work performed by Plaintiff was directly essential to the businesses operated by Defendants.

18.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

19.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

20.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

21.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

22.     In or about 2011, defendants QIANG CHEN, SONG CHEN, and YU LING CHEN jointly decided to hire Plaintiff to work as a non-exempt dishwasher, food

preparer, cleaner, and delivery person at Defendants' Japanese restaurant known as Ashiya III, located at 374 Greenwich Street, New York, New York.

23.     Plaintiff worked for the Defendants in those capacities for approximately one month, at which time Plaintiff quit his employment with the Defendants.

24.     In or about April 2012, defendants QIANG CHEN, SONG CHEN, and YU LING CHEN jointly decided to rehire Plaintiff to work as a non-exempt dishwasher, food preparer, cleaner, and delivery person at Defendants' Japanese restaurant known as Ashiya III, located at 374 Greenwich Street, New York, New York.

25.     Plaintiff continuously worked for the Defendants in such capacities until on or about June 24, 2013.

26.     During the course of Plaintiff's employment by Defendants, he worked over forty (40) hours per week.

27.     Upon being hired in 2011, defendants QIANG CHEN, SONG CHEN, and YU LING CHEN instructed Plaintiff to work six (6) days a week, and advised that his work schedule would consist of eleven (11) hours Monday through Thursday, from 11:00 a.m. until 10:00 p.m.; and eleven and one-half (11½) hours on Friday and Saturday, from 11:00 a.m. until 10:30 p.m.  Plaintiff normally received one (1) sixty (60) minute meal break per day.

28.     During this one (1) month period, defendants QIANG CHEN, SONG CHEN, and YU LING CHEN agreed to pay Plaintiff, in cash, $300 per week straight time for all hours worked.  During this period, Plaintiff worked sixty-one (61) hours per week (for a regular rate of pay of $4.92 per hour).

29.     Upon being rehired in or about April 2012 and continuing for the remainder of his employment on or about June 24, 2013, defendants QIANG CHEN, SONG CHEN, and YU LING CHEN instructed Plaintiff to work six (6) days a week, and advised that his work schedule would consist of eleven (11) hours Monday through Thursday, from 11:00 a.m. until 10:00 p.m.; and eleven and one-half (11½) hours on Friday and Saturday, from 11:00 a.m. until 10:30 p.m. Plaintiff normally received one (1) sixty (60) minute meal break per day.

30.     During this period, defendants QIANG CHEN, SONG CHEN, and YU LING CHEN agreed to pay Plaintiff, in cash, $300 per week straight time for all hours worked. During this period, Plaintiff worked sixty-one (61) hours per week (for a regular rate of pay of $4.92 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

31.     Defendants ASHIYA III, ASHIYA II, and ASHIYA V, are associated as a single enterprise, and are engaged in related activities performed by the Defendants for a common business purpose.

32.     Defendants ASHIYA III, ASHIYA II, and ASHIYA V, utilized Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the businesses operated by the Defendants.

33.     Defendants ASHIYA III, ASHIYA II, and ASHIYA V, each engage in related activities, namely, providing restaurant services to the general public for profit.

34.     Defendants ASHIYA III, ASHIYA II, and ASHIYA V, shared Plaintiff and other similarly situated employees, act in the interest of each other with respect to

employees, pay their employees by the same method, share control over the employees, and are themselves under common control.

35.     Defendants ASHIYA III, ASHIYA II, and ASHIYA V, are controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

36.     Plaintiff's job performance and responsibilities, as well as the responsibilities of other similarly situated employees, was controlled by one person or group of persons, corporations, or other organizational units acting together.

37.     An arrangement exists between the Defendants ASHIYA III, ASHIYA II, and ASHIYA V, whereby each entity agreed to share the services of Plaintiff and other similarly situated employees.

38.     Defendants, QIANG CHEN. SONG CHEN, and YU LING CHEN, are individuals who own the stocks of ASHIYA III, ASHIYA II, and ASHIYA V, and jointly manage and make all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

39.     Defendants knowingly and willfully operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

40.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in

direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

41.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium for each day that he works a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

42.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time and pay records.

## COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since July 29, 2010 to the entry of judgment in this case (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage or less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

44.     Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits

because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

45.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

46.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

47.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

48.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants

have acted on grounds generally applicable to all members.   Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

      a.     Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

      b.     Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

      c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

      d.     Whether the Defendants failed to pay the Plaintiff and the Collective Action Members statutory minimum wages;

      e.     Whether the Defendants failed to pay the Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

      f.     Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

      g.     Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

49.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

50.    Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

51.    Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

52.    Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since July 29, 2007 to the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid statutory minimum wages, overtime compensation, or "spread of hours" premium in violation of the New York Labor Law (the "Class").

53.    Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable.  Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

54.    The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals

lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

55.     The Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

56.     Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

57.     Plaintiff will fairly and adequately protect the interests of the NY Class members.  Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

58.     Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.  Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

59.     Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

60.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.  Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

b.  Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  Whether the Defendants failed to pay the Plaintiff and the Collective Action Members statutory minimum wages;

e.  Whether the Defendants failed to pay the Plaintiff and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.  Whether the Defendants failed to pay the Plaintiff and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

g.  Whether the Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

h.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

61.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "60" of this Complaint as if fully set forth herein.

62.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

63.    At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

64.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

65.    Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

66.    Defendants willfully failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for their hours worked.

67.    Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

68.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

69.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

70.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

71.     As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

72.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

73.     As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

74.     Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

75.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

76.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "75" of this Complaint as if fully set forth herein.

77.     Defendants employed Plaintiff and the Class members within the meaning of New York Labor Law §§ 2 and 651.

78.     Defendants knowingly and willfully violated the rights of Plaintiff and members of the Class by failing to pay them minimum wages in the lawful amount for hours worked.

79.     Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay Plaintiff and the Class members overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

80.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the

spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

81. Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay "spread of hours" premium to Plaintiff and the Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

82. Defendants failed to properly disclose or apprise Plaintiff and the Class members of their rights under the New York Labor Law.

83. Defendants failed to furnish Plaintiff and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

84. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

85. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

86. At the time of their hiring, Defendants failed to notify Plaintiff and the Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

87.     Due to the Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

88.     Plaintiff and the Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, MARTIN ROJAS, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium

pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)    An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(g)    An award of prejudgment and post-judgment interest;

(h)    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i)    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
July 29, 2013

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
jcilenti@jcpclaw.com

By: _____
Giustino (Justin) Cilenti (GC2321)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Martin Rojas , am an employee formerly employed by

Asyra Sushi , and/or related entities.  I consent to be a plaintiff in the

above-captioned action to collect unpaid wages.

Dated: New York, New York
June 24 , 2013

_____

Sworn to before me this 24
day of June 2013.

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2015