*Knowledge, Focus, Expertise*

7 Mott Street, Suite 600
New York, NY 10013          **HENG WANG &**
Telephone: (646) 543-5848   **ASSOCIATES P.C.**
Facsimile:  (646) 572-8998

September 25, 2013

**VIA ECF**
Hon. J. Paul Oetken, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**VIA EMAIL**
Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> **RE:   Rojas v. Tribeca Sushi Inc., et. al.**
>           **Case No. 13-cv-5272 (JPO)(RLE)**

Dear Hon. J. Paul Oetken and Hon. Katherine Polk Failla:

We are counsel to defendants Tribeca Sushi, Inc. and Qiang Chen in the above-captioned action.  Respectfully we object to Mr. Cilenti's letter to the Court requesting consolidation of the above-captioned matter with *Mendoza v. Ashiya Sushi 5, et. al*. (Case No. 12-CV-8629) as it is improper and premature.

In the September 16, 2013 Order signed by Hon. Katherine Polk Failla in the *Mendoza* case, three New York City Ashiya Sushi restaurants, namely Ashiya II, Ashiya III, and Ashiya V were certified for conditional collective action based on two facts:  the names of other Ashiya Sushi locations were printed on business cards used by the manager of Ashiya Sushi 5 and employees worked at different Ashiya Sushi locations in New York City.  No determination was made as to whether any of the Ashiya Sushi locations were a common enterprise, whether there was any sharing in management, whether any of the Ashiya Sushi restaurants were operated in a similar fashion, had the same rules and procedure, maintained the same record keeping system, or paid employees in a similar fashion.

1

Now, plaintiff's counsel argues based on preliminary information, that there are sufficient facts to permit consolidation of the two cases. This argument is without merit. Basically, Plaintiff asks this honorable court to ignore the fact that consolidation requires a legal standard that is much higher than the one that applies to collective action certification.

Certification of conditional collective action requires only a modest factual showing. "Neither the FLSA nor its implementing regulations define the term 'similarly situated.' Courts have held that plaintiffs can meet this burden by making a modest factual showing (*emphasis added*) sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)(quoting 29 U.S.C. § 216(b)); accord *Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F.Supp. 2d 334, 336 (W.D.N.Y. 2008); *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267 (E.D.N.Y 2005); *Harrington v. Educ. Mgmt. Corp.*, 2002 WL 1009463, at *1 (S.D.N.Y. May 17, 2002); *Foster v. Food Emporium*, 2000 WL 1737858, at *1 (S.D.N.Y. Apr 26, 2000); *Realite v. Ark Rests. Corp.*, 7 F.Supp 2d 303, 306 (S.D.N.Y. 1998).

In sharp contrast, "a modest factual showing" is definitely insufficient when it comes to an application for consolidation. Plaintiff bears the burden to show that consolidation is appropriate. *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993); *MacAlister v. Guterma*, 263 F.2d 65, 70 (2d Cir. 1958). To meet its burden, Plaintiff must demonstrate that "compelling circumstances" warrant consolidation. *MacAlister*, 263 F.2d at 69.

Additionally, a movant cannot meet its burden where the prejudice to a party would outweigh the benefits of consolidation. *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Tucker v. Arthur Andersen & Co.*, 73 F.R.D. 316, 317 (S.D.N.Y. 1976) ("Where confusion and prejudice will result, it is inappropriate for a court to order consolidation."). While consolidation may promote efficiency, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). Additionally, the use of procedural devices short of "consolidation for all purposes" -- including coordinated pretrial discovery -- should be evaluated before cases are consolidated. *See MacAlister*, 263 F.2d at 70 (consolidation inappropriate where there were "[m]any avenues of relief … to forestall the possible confusion and duplication," including coordinated discovery); *Repetitive Stress*, 11 F.3d at 374.2

At this preliminary stage of both cases, there is not sufficient evidence to show that there exists or there will exist substantially similar facts to consolidate; nor would Plaintiff be able to show "compelling circumstances" as required by the case law, given the little factual information for the Court to analyze. It is Defendants' position that consolidation of the two cases is improper at this time. If the Court finds after discovery that each of the Ashiya Sushi locations are managed and operated under distinct systems, consolidation of the two cases would confuse the trier of fact and be extremely prejudicial to Defendants as it would be impossible for the trier of fact to

compartmentalize what evidence applies to which defendant.  Further any bifurcation of the action at trial would run counter to the need for judicial efficiency.

      Accordingly, it is respectfully requested that the Court denies Plaintiff's counsel's request and permit the two cases to proceed independently.

      We thank Your Honor for your consideration.


                    Respectfully submitted,


                    /s/ Heng Wang_____
                    Heng Wang