# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102
Email: info@jcpclaw.com

September 25, 2013

**By Fax**

Hon. J. Paul Oetken, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2101
New York, New York 10007

**By Email**

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

> Re:  *Rojas v. Tribeca Sushi Inc., et al.* ("*Ashiya III*")
>      *Case No. 13-CV-5272 (JPO) (RLE)*
>
>      *Mendoza v. Ashiya Sushi 5, Inc., et al.* ("*Ashiya V*")
>      *Case No. 12-CV-8629 (KPF)*

Dear Judge Oetken and Judge Failla,

      We are counsel to plaintiff Martin Rojas in the above-captioned action titled, *Rojas v. Tribeca Sushi Inc., et al.* (referred to herein as "Ashiya III"). In that case, the defendants allegedly own and operate three sushi restaurants in New York City operating under the "Ashiya" brand. Plaintiff alleges that he is a former employee of Tribeca Sushi Inc. d/b/a Ashiya III, who failed to receive proper minimum wages, overtime compensation, and "spread of hours" premium in accordance with the federal Fair Labor Standards Act ("FLSA") and New York Labor Law. The other two Ashiya locations, which are separately incorporated but alleged to be associated as a single enterprise, are also named as defendants, and include Ashiya Sushi 5, Inc. d/b/a Ashiya V, and New Ashiya Japanese Cuisine NY Inc. d/b/a Ashiya II.

In the companion case, *Mendoza v. Ashiya Sushi 5, Inc., et al.* (referred to herein as "Ashiya V"), the plaintiff – who is represented by different counsel than our firm – alleges virtually the same wage and hour violations while working at Ashiya V.[1] Thus, the two cases present the same legal issues and are based on virtually identical or substantially similar facts.

Moreover, on September 16, 2013, the Court granted plaintiff's motion to conditionally certify Ashiya V as a collective action under the FLSA. In doing so, the Court determined that each of the Ashiya restaurants are sufficiently affiliated such that court-facilitated notice of the pending Ashiya V litigation is now permitted to be mailed to all non-exempt employees of each of the three Ashiya restaurants, as well as posting the notice in a non-public place in each of the restaurants so that potential plaintiffs can opt-in to Ashiya V.

Based on the Court's recent decision in Ashiya V, it is clear that both actions involve common questions of law and fact such that consolidation of the two cases for all purposes seems appropriate. It is our position that due to the substantial overlap in parties, factual allegations, and legal issues, discovery in the two actions will almost undoubtedly involve duplicate document production and depositions. It is also likely that the putative class members in each case will be similar if not identical. Additionally, considerations of judicial efficiency and limiting the risk of inconsistent verdicts and rulings significantly weigh in favor of consolidating the Ashiya V and Ashiya III matters.

Accordingly, it is respectfully requested that the two cases be consolidated for all purposes. Alternatively, should the Court require a formal motion or wish to discuss the issue, we request a conference at the Court's earliest convenience to further explore how to best proceed at this time.

We thank the Court for its continued attention to these matters.

Respectfully submitted,

Justin Cilenti

JC/mjz

cc: Heng Wang, Esq. (by email)
Attorneys for Defendants in Ashiya III

---

[1] The defendants in Ashyia V are also being represented by different counsel than the defendants in Ashiya III.